UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-20382-CIV-MORENO

CYNTHIA BETTNER,

    Plaintiff,

vs.

MACY'S FLORIDA STORES, LLC d/b/a MACY'S, and
SUNHAM HOME FASHIONS, LLC, and KAM HING
ENTERPRISES, INC.,

    Defendants.

_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand **(D.E. No. 7)**, filed on **February 10, 2014**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case REMANDED to state court for failure of Defendants Sunham Home Fashions, LLC and Kam Hing Enterprises, Inc. to properly consent to or join in removal in accordance with 28 U.S.C. § 1446(b).

## LEGAL STANDARD AND ANALYSIS

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Pursuant to 28 U.S.C. § 1447(c), any defect in the removal procedure is grounds for remand. The

"unanimity requirement" mandates that in cases involving multiple defendants, all defendants must join the removal petition or otherwise manifest consent for removal within thirty (30) days of service of a pleading to be proper within the meaning of § 1447(c). Each removing party must take some affirmative action to inform the Court of its consent and/or joinder in a manner that is (1) timely and (2) binding. *E.g., Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F.Supp.2d 1357, 1361 (S.D. Fla. 2008).

To date, Defendants Sunham Home Fashions, LLC and Kam Hing Enterprises, Inc. have failed to take timely and binding action manifesting their consent to removal. The only evidence of consent are Defendant Macy's assertions in its Removal Status Report (D.E. No. 10, filed February 18, 2014) and its Response in Opposition to Plaintiff's Motion to Remand (D.E. No. 12, filed February 20, 2014), that Defendants Sunham and Kam Hing "advised" Macy's that they consent to removal. The Court finds these statements do not reflect binding manifestations by Defendants Sunham or Kam Hing of their consent or joinder. The Court further finds that these expressions of consent or joinder are untimely where they were made more than 30 days after Sunham or Kam Hing were purportedly served on January 6 and January 7, 2014, respectively. Each of this findings alone warrant remand where Defendants have not met their burden to invoke federal jurisdiction. Accordingly, it is

ORDERED AND ADJUDGED that this case be, and the same is, hereby REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of February, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record
Clerk of the Court, Eleventh Judicial Circuit